IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT K. COMBE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CLARIFY SUPERVISED RELEASE TERMS AND CONDITIONS<br><br><br><br>Case No. 1:04-CR-51 TS |

This matter is before the Court on Defendant's Motion to Clarify Supervised Release Terms and Conditions. In essence, Defendant seeks a declaration from this Court that his term of supervised released has expired. For the reasons discussed below, the Court will deny Defendant's Motion.

I. BACKGROUND

Defendant was named in a one-count Indictment on April 7, 2004, for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant

was sentenced on November 2, 2004, to a term of 30 months imprisonment, to be followed by a term of 36 months supervised release.

Defendant was scheduled to complete his sentence on January 29, 2007. Shortly before his release, however, the Government filed a "Certification of a Sexually Dangerous Person" under 18 U.S.C. § 4248(a). As a result, Defendant has remained in custody pending a determination of whether he is a sexually dangerous person under 18 U.S.C. § 4248.

## II. DISCUSSION

The issue before the Court is when Defendant's term of supervised release begins. Defendant argues that his term of supervised release began on January 29, 2007, the date that his term of incarceration was set to expire.

The Court begins its analysis with a discussion of the statutes involved. 18 U.S.C. § 3624 provides:

> (a) A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). . . .
>
> (e) A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. **The term of supervised release commences on the day the person is released from imprisonment** and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.[1]

---

[1] 18 U.S.C. § 3624(a), (e) (emphasis added).

18 U.S.C. § 4248(a) states:

> In relation to a person who is in the custody of the Bureau of Prisons, . . . the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. . . . The court shall order a hearing to determine whether the person is a sexually dangerous person. **A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.**[2]

Reading these two provisions together, it would seem that supervised release does not begin for a defendant being held pending the resolution of whether he is a sexually dangerous person because he has not been "released from imprisonment," which is the trigger for the commencement of supervised release in 18 U.S.C. § 3624(e).

There is a dearth of case law on this issue. However, at least one district court in the Southern District of California has considered the precise issue before the Court. In *United States v. Bolander*,[3] the court reviewed the language from 18 U.S.C. §§ 3624 and 4248 and stated as follows:

> The Court finds that these statutes, read together, direct that supervised release does not begin when an individual is [in] the custody of the Bureau of Prisons awaiting the resolution of commitment proceedings under § 4248 because he has not been "released from imprisonment." A prisoner is to be released on the date that his term of imprisonment expires. And when the prisoner's sentence includes a term of supervised release, that term commences on the actual day he is released from the custody of the Bureau of Prisons. If, however, the Government files a certification under § 4248, the prisoner's release is stayed. Because the release is

---

[2]*Id*. § 4248(a) (emphasis added).

[3]2010 WL 5342202 (S.D. Cal. Dec. 21, 2010).

3

stayed, the commencement of the prisoner's term of supervised release is not triggered.[4]

The Court agrees with the reasoning of *Bolander* and will apply it here. Under the statutes at issue here, Defendant's term of supervised release has not yet commenced because he has not been released from imprisonment. Defendant has remained in custody pending the determination of whether he is a sexually dangerous person and has not been "released from imprisonment." Therefore, the Court will deny Defendant's request for a declaration that his term of supervised release has expired.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Clarify Supervised Release Terms and Conditions (Docket No. 36) is DENIED.

DATED March 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Id.* at *2 (citations omitted).